[Nos. 75280-0; 75309-1. En Banc.]
Argued February 15, 2005. Decided May 19, 2005.

*In the Matter of the Personal Restraint of* HUY KHAC TRAN, *Petitioner.*

*In the Matter of the Personal Restraint of* MICHAEL J. ROBERTS, *Petitioner.*

*Huy Khac Tran,* pro se.

*Michael J. Roberts,* pro se.

*Thomas M. Kummerow, Nancy P. Collins,* and *Gregory C. Link* (of *Washington Appellate Project*), for petitioners.

*Robert M. McKenna, Attorney General, Paul D. Weisser, Senior Counsel,* and *Ronda D. Larson* and *Donna H. Mullein, Assistants,* for respondent.

¶1 OWENS, J. — The question presented is whether the Washington State Department of Corrections (DOC) may require an inmate to serve the first five years of a sentence for first degree assault as "flat time" under former RCW 9.94A.120(4) (1998 & 2000)[1] where the judgment and sentence includes only a conviction for first degree assault with a firearm or other deadly weapon enhancement. Former RCW 9.94A.120(4) states that "[a]n offender convicted of the crime of assault in the first degree . . . where the offender used force or means likely to result in death or intended to kill the victim shall be sentenced to a term of total confinement not less than five years." DOC maintains that a first degree assault conviction, in conjunction with a deadly weapon or firearm enhancement, necessarily implicates this provision. Michael Roberts and Huy Khac Tran filed separate personal restraint petitions challenging DOC's imposition of the five-year mandatory minimum. Division One of the Court of Appeals dismissed both petitions without a formal opinion. We reverse the Court of Appeals and grant the petitions.

[1] Former RCW 9.94A.120(4) was applicable when the petitioners were sentenced. The statute has since been recodified as RCW 9.94A.540(1)(b).

¶2 The petitioners are both currently serving sentences for assault in the first degree. After arriving at their respective correctional institutions, the petitioners were informed for the first time that they were subject to the five-year mandatory minimum prescribed in former RCW 9.94A.120(4). Offenders serving mandatory minimums, also known as "flat time," are not eligible for community custody, earned early release time, furlough, home detention, partial confinement, work crew, work release, or any other form of early release. Former RCW 9.94A.120(4). The petitioners argued that the imposition of flat time under former RCW 9.94A.120(4) was improper under the circumstances detailed in their respective judgments and sentences. The acting chief judge for Division One of the Court of Appeals dismissed the personal restraint petitions by written order without a hearing before a full panel of the court. Since the petitioners raised identical issues, we accepted review and consolidated the cases. Facts specific to Roberts and Tran are set forth below.

## A. Roberts

¶3 Roberts pleaded guilty to first degree burglary and first degree assault with a deadly weapon on February 17, 1999. In his plea statement, Roberts admitted using a baseball bat as a deadly weapon, but there was no agreement between Roberts and the prosecutor that a mandatory minimum would be included under former RCW 9.94A.120(4).[2] Similarly, Roberts' statement on plea of guilty and judgment and sentence are devoid of any reference to a mandatory minimum under former RCW

---

[2] In fact, Roberts' plea agreement contained two check boxes relating to mandatory terms. Written next to the first box is the following: *"Mandatory Minimum Term(s) pursuant to* [former] *RCW 9.94A.120(4) only."* Suppl. Br. of Pet'rs, App. B. This first box was not checked. The text next to the second box states *"Mandatory weapon sentence enhancement for Count(s) ____ is ____ months each." Id.* This second box was checked, noting the count number and assigning 24 months as the mandatory term.

9.94A.120(4). At sentencing, the court entered a judgment and sentence imposing a standard range of 144 months for Roberts' first degree assault conviction, including the 24-month deadly weapon enhancement, which must be served as flat time. At some point, soon after being placed in DOC custody, Roberts learned that DOC imposed an *additional* five years of flat time under former RCW 9.94A.120(4). Consequently, Roberts must serve 84 months of his 144 month sentence as flat time.[3]

## B. Tran

¶4 Tran entered an *Alford*[4] plea to one count of assault in the first degree on June 7, 2000, acknowledging that there was a substantial likelihood he would be found to have fired a handgun with the intent to inflict great bodily harm and, thereby, be found guilty of assault in the first degree. In his statement on plea of guilty, Tran admitted firing a handgun but stated that he did not intend to shoot or hit anyone.[5] As with Roberts, neither the statement on plea of guilty nor the judgment and sentence makes any explicit reference to Tran serving a five-year mandatory minimum under former RCW 9.94A.120(4). At Tran's sentencing, the court imposed a total sentence of 153 months, which was the minimum within the standard range. This sentence includes a 60-month firearm enhancement that Tran must serve as flat time. Once again, DOC looked to the face of the judgment and sentence and imposed an additional 60 months of flat time under former RCW 9.94A.120(4). As a result, Tran is currently required to serve 120 months of his 153 month sentence as flat time.

---

[3] DOC's unopposed motion to supplement the record with appendix 7 of respondent's supplemental brief, noting that Roberts' early release date is November 23, 2009, is granted.

[4] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[5] Unlike Roberts', Tran's plea agreement is not included in the record. However, DOC makes no suggestion that the five-year mandatory minimum was included on Tran's plea agreement form.

## ISSUE

¶5 Does a judgment and sentence that includes a first degree assault conviction under RCW 9A.36.011(1)(a), with a firearm or other deadly weapon enhancement, necessarily satisfy the conditions for a five-year mandatory minimum under former RCW 9.94A.120(4)?

## ANALYSIS

■ ¶6 *Standard of Review.* These personal restraint petitions challenging DOC's imposition of an additional 60 months of flat time under former RCW 9.94A.120(4) constitute collateral review. On collateral review, a petitioner raising a new issue must show that he or she was actually and substantially prejudiced by constitutional error or that a nonconstitutional error occurred constituting a fundamental defect that inherently resulted in a complete miscarriage of justice. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835 (1994).

¶7 *Imposing a Mandatory Minimum for Assault in the First Degree under Former RCW 9.94A.120(4).* This statutory interpretation dispute centers on whether the text defining first degree assault with a firearm or other deadly weapon *necessarily* satisfies the requirements for a mandatory minimum under former RCW 9.94A.120(4). We begin with a comparison between first degree assault, as defined in RCW 9A.36.011(1)(a), and the mandatory minimum statute. The first degree assault statute states as follows:

> **Assault in the first degree.** (1) A person is guilty of assault in the first degree if he or she, with intent to inflict great bodily harm:
>
> (a) Assaults another with a firearm or any deadly weapon or by any force or means likely to produce great bodily harm or death.

RCW 9A.36.011(1)(a). In contrast, the mandatory minimum statute for first degree assault states in relevant part as follows:

**Sentences.** When a person is convicted of a felony, the court shall impose punishment as provided in this section.

. . . .

(4) . . . An offender convicted of the crime of assault in the first degree . . . *where the offender used force or means likely to result in death or intended to kill the victim* shall be sentenced to a term of total confinement not less than five years.

Former RCW 9.94A.120(4) (emphasis added).

¶8 As the emphasized portion of the statute indicates, one of the two following conditions must exist to implicate the mandatory minimum: (1) use of force or means likely to result in death or (2) intent to kill the victim. As an initial matter, RCW 9A.36.011(1)(a) alone does not *necessarily* satisfy either of these two conditions. First, the actus reus for first degree assault may be the use of "any force or means likely to produce great bodily harm." RCW 9A.36.011(1)(a). For purposes of the first degree assault statute, "great bodily harm" is defined as an "injury which creates a probability of death, or which causes significant serious permanent disfigurement, or which causes a significant permanent loss or impairment of the function of any bodily part or organ." RCW 9A.04.110(4)(c). It follows that great bodily harm and, therefore, first degree assault may occur in at least three ways that are incongruent with former RCW 9.94A.120(4)'s condition that the offender use "force or means likely to result in death" (i.e., significant serious permanent disfigurement, significant permanent loss or impairment of body function). Second, to obtain a first degree assault conviction, the perpetrator's mens rea need only be an "intent to inflict great bodily harm." RCW 9A.36.011(1). Accordingly, not every first degree assault conviction includes an "inten[t] to kill the victim" under the second of the two conditions in former RCW 9.94A.120(4). The lack of direct overlap between the assault and mandatory minimum statutes indicates that the legislature intended to increase the punitive requirement for certain assaults that are characterized by unusu-

ally (within the world of assault) violent acts or a particularly sinister intent.[6]

¶9 The next step is to determine whether, as DOC suggests, adding a firearm or other deadly weapon finding to the equation results in an automatic mandatory minimum. This question is complicated by the parties' disagreement over the applicable definition of "deadly weapon." The petitioners argue that the appropriate "deadly weapon" definition is found in RCW 9A.04.110(6) and is insufficient to satisfy either condition in former RCW 9.94A.120(4). DOC argues that its preferred definition of "deadly weapon," found in RCW 9.94A.602, satisfies the first condition (i.e., force or means likely to cause death). The petitioners' suggested "deadly weapon" definition is found in Title 9A RCW and states as follows:

> **Definitions.** *In this title unless a different meaning plainly is required:*
>
> . . . .
>
> (6) "Deadly weapon" means any explosive or loaded or unloaded firearm, and shall include any other weapon, device, instrument, article, or substance, including a "vehicle" as defined in this section, which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is *readily capable of causing death or substantial bodily harm.*

RCW 9A.04.110(6) (emphasis added). As with this definition, the first degree assault statute is also in Title 9A RCW, found at RCW 9A.36.011. The RCW 9A.04.110(6) definition of "deadly weapon" is plainly applicable to the first degree assault statute because the section begins: "In this title . . . ." In contrast, DOC relies on a definition found in a separate title of the RCW related to deadly weapon special verdict findings under the Sentencing Reform Act of 1981

---

[6] Other provisions in the mandatory minimum sentencing scheme strongly indicate that the legislature understands how to attach a mandatory minimum to a specific crime without limitation, if it chooses to do so. *See* former RCW 9.94A.120(4) ("offender convicted of the crime of murder in the first degree shall be sentenced to a term . . . not less than twenty years" and "offender convicted of the crime of rape in the first degree shall be sentenced to a term . . . not less than five years").

(SRA), chapter 9.94A RCW. DOC's preferred definition states as follows:

**Deadly weapon special verdict—Definition.**

. . . .

*For purposes of this section,* a deadly weapon is an implement or instrument which has the capacity to inflict death and from the manner in which it is used, is likely to produce *or may easily and readily produce death."*

RCW 9.94A.602 (emphasis added).

¶10 The petitioners are correct that the definition applicable to Title 9A RCW does not necessarily implicate either condition required to impose a mandatory minimum sentence under former RCW 9.94A.120(4). Under the Title 9A RCW definition, a deadly weapon need only be "readily capable of causing . . . substantial bodily harm." RCW 9A.04.110(6). As with "great bodily harm" defined above, "substantial bodily harm" occurs where there is substantial disfigurement, loss or impairment of bodily parts or organs, or a fracture of any body part. *See* RCW 9A.04.110(4)(b). Again, the use of an object that would cause one of those three types of injury is clearly distinct from being "likely to result in death," which is required under the first condition in former RCW 9.94A.120(4).

¶11 DOC's reliance on the definition in RCW 9.94A.602 is misplaced. The RCW 9.94A.602 definition is specifically limited to the deadly weapon special verdict section; in fact, the text of the statute preceding the definition of "deadly weapon" begins: "For purposes of this section . . . ." It is in no way related to defining the crime of first degree assault in RCW 9A.36.011(1)(a), nor does it claim to operate as a comprehensive definition within the SRA. Moreover, even were we to assume that this definition is somehow applicable or authoritative, it does not *necessarily* satisfy the use of "force or means likely to result in death" condition under former RCW 9.94A.120(4). The RCW 9.94A.602 "deadly weapon" definition applies when a person uses an instrument that "may easily and readily produce death." Such language is not synonymous with the "likely to result in

death" condition. Simply because an event may "easily and readily" occur does not mean that the event is a "likely" result.

¶12 In sum, there is nothing in the judgment and sentence of either Tran or Roberts suggesting there are facts or circumstances that make the application of former RCW 9.94A.120(4) automatic. If the legislature had intended every violation of the first degree assault statute to result in a five-year mandatory minimum, it would not have limited former RCW 9.94A.120(4) to assaults characterized by "force or means likely to result in death" or an "inten[t] to kill." Therefore, DOC is neither required nor permitted to infer that a comparison of the statutory language subjects every prisoner with a first degree assault conviction, along with a firearm or other deadly weapon enhancement, to the five-year mandatory minimum.

## CONCLUSION

¶13 DOC's determination that Tran and Roberts must serve five years of "flat time" for their first degree assault convictions leaves them ineligible for the earned early release credit of which they might otherwise take advantage. As a result, the petitioners are likely to spend substantially more time in DOC custody than their sentences should allow. This error on the part of DOC constitutes a fundamental defect that inherently results in a miscarriage of justice. *See Lord*, 123 Wn.2d at 303. Accordingly, we grant the personal restraint petitions of Michael Roberts and Huy Khac Tran.

ALEXANDER, C.J., and C. JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS, FAIRHURST, and J.M. JOHNSON, JJ., concur.